## Paden Appeal

Before Valentine, P. J., Lewis and Pinola, JJ.

*E. C. Marianelli*, for appellant.

*Lewis R. Crisman*, for school district.

LEWIS, J., June 20, 1951.—This case is before us on a rule to show cause why the appeal of Conway B. Paden should not be dismissed for lack of jurisdiction.

On August 14, 1947, appellant, Conway B. Paden, entered into a written contract with the School District of Lake Township as a professional employe. He was assigned to teach as head of the vocational agriculture department, which position he occupied from August 14, 1947, until August 31, 1950.

On August 7, 1950, the Board of School Directors of Lake Township, by resolution, determined to curtail the educational program of the district by discontinuing the department of vocational agriculture. On August 8, 1950, the secretary of the board of school directors notified appellant of that fact, pointing out that the action was taken pursuant to section 1124 (2) of the Public School Code of March 10, 1949, P. L. 30. The suspension took effect as of August 31, 1950.

On September 6, 1950, appellant, Conway B. Paden, allegedly pursuant to section 1131 of the Public School Code of March 10, 1949, appealed to the Superintendent of Public Instruction of the Commonwealth of Pennsylvania, from the action of the Board of Directors of the School District of the Township of Lake. The superintendent made an order dismissing the appeal for lack of jurisdiction, and appellant thereupon took the present appeal from the order of the superintendent. Appellant requests a hearing de novo pursuant to section 1132 (b) of the Public School Code of 1949.

The sole question involved at this time is whether or not this court has jurisdiction to hear this appeal. For the purpose of deciding this question, we must accept as true the facts alleged in the appeal.

On August 7, 1950, the Board of Directors of the School District of the Township of Lake passed, by a vote of three to two, the following resolution:

"Whereas, the Board of School Directors of Lake Township, upon the recommendation of the superintendent of Luzerne county schools, has seen fit to curtail the educational program of the district, according to Section 1124, Item 2, of the Pennsylvania School Code for 1949, insofar as the operation of the vocational department is concerned,

"Therefore, be it resolved, that the Lake Township Board of School Directors discontinue the operation of the vocational agriculture department in the Lake Township High School as of August 31, 1950, pending the approval of the Department of Public Instruction."

Appellant admits that this curtailment or alteration of the educational program of the school district was made on the recommendation of the superintendent and was later approved by the Department of Public Instruction. It is alleged by appellant, and for the purpose of this decision we must accept the allegation as being true, that the above action, taken by the school directors, was a subterfuge designed solely to accomplish the dismissal of appellant and to circumvent the provisions of the Public School Code. The reason assigned for the action taken by the school board was that there had been a substantial decline in course enrollments.

After the passage of the above resolution abolishing the vocational agriculture department, the secretary of the school board wrote the following letter to appellant, Conway B. Paden:

"Mr. C. B. Paden,
    Harvey's Lake, Pa.
"Dear Mr. Paden:

"On August 7 the School Directors of Lake Township took action to curtail the present educational program by discontinuing the Vocational Agricultural Department in the school, according to Section 1124,

Item 2, of the Pennsylvania School Code for 1949, as of August 31, 1950.

"I am advising you of this action in order that you may make any necessary arrangements for the closing of the Vocational Agriculture Department and of your work as teacher in the school district.

"Sincerely yours,<br>"/s/  HARRY H. ALLEN, Secretary."

Appellant argues that he was actually dismissed from his employment in violation of the Public School Code, and was not merely suspended, as is contended by counsel for the school board.

We cannot agree with appellant's contention. Assuming that the action taken by the school board in discontinuing the course was prompted by improper motives, and that such action was taken solely to accomplish appellant's dismissal, nevertheless, and despite the fact that the school board may have attempted by its action to dismiss appellant, the action taken by the school board did not accomplish the dismissal of appellant but served only to suspend him. Section 1124 of the Public School Code, under which the school board purported to act, provides only for the suspension of professional employes. Appellant was suspended because the department of vocational agriculture had been discontinued under section 1124. No dismissal can be accomplished under this section. Appellant does not contend that the school board has violated section 1125(c), which requires the rehiring of suspended employes in the reverse order of their suspension when there is a vacancy and the suspended employe is properly certified to fill such vacancy. It is, therefore, clear that, despite what the intention of the school board may have been, appellant was suspended and not dismissed. Whenever a vacancy occurs which appellant is certified to fill, the school board is required to reinstate him.

It is conceded by counsel for appellant that if this is a clear case of suspension, as distinguished from dismissal, the State Superintendent of Public Instruction was correct in holding that he had no jurisdiction to hear the appeal from the action of the school district, and that this court has no jurisdiction to hear this appeal from the action of the State superintendent. We concur in this.

Section 1124 of the Public School Code, which relates to suspensions, contains no provision for any appeal to the Superintendent of Public Instruction. The superintendent has only the appellate powers which are given him by statute, and this court, on appeal from his decision or refusal of jurisdiction, is also limited to such powers as the statute gives. No right of appeal is given from the suspension of a professional employe. We conclude, therefore, that both this court and the Superintendent of Public Instruction are without jurisdiction to hear this appeal. See Barrass' Appeal, 46 D. & C. 196; Steinberg's Appeal, 39 D. & C. 706.

Section 1132(b) expressly provides that, in any order by the court made pursuant to an appeal, the court shall state plainly "whether the professional employe is to be discharged . . . or retained". No such order could be properly made in the case of a suspension. From this we infer that the legislature intended not to provide for an appeal to the court from a suspension.

Appellant requests that this court order his reinstatement as head of the vocational agriculture department of the Lake Township schools. This department has been abolished and this court cannot direct appellant's employment as head of a nonexistent department. When and if the vocational agriculture department is recreated, appellant must, of course, be reinstated as head of that department.

130

In this action the court has not been requested to order the recreation of the vocational agriculture department, and we do not feel that that matter is properly before us. However, we point out, in passing, that article X, sec. 1 of the Constitution of the Commonwealth of Pennsylvania directs the General Assembly to "provide for the maintenance and support of a thorough and efficient system of public schools". The support, control and supervision of the public school system is, therefore, vested, by the Constitution in the General Assembly, and in the administrative agencies created by the General Assembly for this purpose, and not in the courts.

Now, therefore, the rule granted on appellant, Conway B. Paden, to show cause why his appeal should not be dismissed for lack of jurisdiction, is made absolute; and the appeal of Conway B. Paden from the order of the Superintendent of Public Instruction of the Commonwealth of Pennsylvania dismissing, for lack of jurisdiction, the appeal of Conway B. Paden from the decision of the Board of School Directors of Lake Township, is dismissed for lack of jurisdiction.